Aguilar Ordonez v. Bondi

BIA
Ruehle, IJ
A209 449 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

JOSE MIGUEL AGUILAR ORDONEZ,
> *Petitioner,*

v.                                                                          22-6517
                                                                             NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,*

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as the Respondent.

*Respondent.*

_____

**FOR PETITIONER:**    Samuel Iroegbu, Esq., Albany, NY.

**FOR RESPONDENT:**   Brian Boynton, Principal Deputy Assistant Attorney General; Brianne W. Cohen, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Miguel Aguilar Ordonez, a native and citizen of Guatemala, seeks review of a September 30, 2022, decision of the BIA affirming an April 8, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Miguel Aguilar Ordonez*, No. A209 449 662 (B.I.A. Sept. 30, 2022), *aff'g* No. A209 449 662 (Immig. Ct. Buffalo Apr. 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review *de novo*

2

questions of law and the application of law to fact," and "[w]e review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum

An applicant for asylum must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of . . . arrival in the United States." *Id.* § 1158(a)(2)(B). The failure to do so may be excused where the applicant "demonstrates to the satisfaction of the Attorney General . . . the existence of . . . extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D). Aguilar Ordonez argues that extraordinary circumstances excused his delay.

"The burden of proof is on the applicant to establish . . . that the circumstances were not intentionally created by the alien through his or her own action or inaction, that those circumstances were directly related to the alien's failure to file the application within the 1–year period, and that the delay was

3

reasonable under the circumstances."   8 C.F.R. § 1208.4(a)(5).   Extraordinary circumstances "include but are not limited to . . . [s]erious illness or mental or physical disability," "[l]egal disability (e.g., the applicant was an unaccompanied minor or suffered from a mental impairment)," "[i]neffective assistance of counsel," maintenance of a lawful status for a reasonable period, the applicant filed on time but otherwise improperly and the application was returned, or "the death or serious illness or incapacity" of counsel or family member.   *Id.*

Our jurisdiction to review the timeliness determination or whether extraordinary circumstances excuse the delay is limited to constitutional claims and questions of law.   8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).   A question of law may arise where the agency applied the wrong legal standard, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), or where the agency "totally overlooked" or "seriously mischaracterized" important facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).   And "the application of law to undisputed or established facts is a 'question of law' within the meaning of § 1252(a)(2)(D)."   *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020) (alteration adopted); *see also Wilkinson v. Garland*, 601 U.S. 209, 212, 216–17 (2024).

Aguilar Ordonez has not addressed jurisdiction. And to the extent he raises questions of law, his arguments lack merit. He argues that he demonstrated extraordinary circumstances excusing his delay because he was a minor at time of entry (he was 20), he did not speak English, and he was unaware he could apply for asylum. The agency explicitly considered and rejected these arguments, i.e., it did not overlook any facts. *See Mendez*, 566 F.3d at 323.

Aguilar Ordonez does not cite legal authority for his positions and the statute, regulations, and case law do not support his arguments. The asylum statute defines a minor as someone younger than 18-years-old. *See* 8 U.S.C. § 1158(a)(2)(E); 6 U.S.C. § 279(g)(2)(B). A lack of English or awareness of asylum are not identified in the regulation as examples of extraordinary circumstances, *see* 8 C.F.R. § 1208.4(a)(5), and lack of English fluency and legal knowledge are common factors in immigration cases. Further, Aguilar Ordonez filed his application 6 years after he turned 21, and he does not challenge the agency's conclusion that he did not apply "within a reasonable period." *Id.* § 1208.4(a)(5); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation and

5

quotation marks omitted)).

## II.    Withholding of Removal and CAT Relief

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."   8 U.S.C. § 1158(b)(1)(B)(iii).   "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."   *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination given omissions and inconsistencies that call into question the basis of Aguilar Ordonez's claim—that he suffered and feared persecution and torture because he

6

was Mayan and spoke Quiché—and a lack of corroboration to rehabilitate his claim.

First, Aguilar Ordonez's application omitted material details, such as his native language, race, and his work and education history. These omissions support the adverse credibility determination because his race and native language were material to the protected ground at the heart of his claim and the application form requires that information. Contrary to his claim that he is a native Quiché speaker, his application listed Spanish as his native language. Moreover, his application omitted any work history, but his claim relied in part on his allegation that he sent money back to his father to pay off the would-be persecutors. Although we have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," *Hong Fei Gao*, 891 F.3d at 78 (citation and quotation marks omitted), the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible," *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness

7

would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78. The agency reasonably relied on the omissions about Aguliar Ordonez's Mayan race, his native language, and his employment history as that information is material to his claim—whether he is of Mayan descent, whether his family was targeted because of their race and language, and whether he was working here to send money to his father. *See Jian Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (upholding adverse credibility determination where petitioner omitted "critical information" that petitioner "would reasonably have been expected to disclose much earlier").

His additional omission of his education history, while minor, lends further support to the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation and quotation marks omitted)). The agency was not required to credit Aguilar Ordonez's explanations for the omissions, as his testimony was unclear and not responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief;

8

he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and quotation marks omitted)); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ "may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness").

Finally, Aguilar Ordonez's failure to corroborate his testimony provides further support for the adverse credibility determination, and Aguilar Ordonez does not challenge the BIA's conclusion that he waived review of the corroboration finding on appeal. *See Debique*, 58 F.4th at 684. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). He did not provide any documentary evidence or witnesses, and thus failed to corroborate that his father owns land in Guatemala and that he (Aguilar Ordonez) had been sending money to avoid seizure of the land.

In sum, the omissions, inconsistencies, and lack of corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of withholding of removal and CAT relief because both forms of relief were based on

9

the same facts.    *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.    All pending

motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court